**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

JAMES VINCENT KLUEPPEL JR.
Plaintiff,

CIVIL ACTION: 1:26-cv-00013-JB-B

v.

TRANS UNION LLC,
Defendant.

# REPORT OF THE PARTIES RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' representatives was conducted telephonically on April 10, 2026 and was attended by:

James V. Klueppel Jr. for Plaintiff

T. Sterling Satterfield for Defendant, Trans Union, LLC

The parties do not request a conference with the court before entry of the scheduling order.

1. Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and defendant's brief narrative statement of the facts and defenses, including affirmative defenses, the theory of each defense. **In other words, the parties are to fully state their present respective positions in plain English, given what they know about the case at this time**. This is not to be simply a restatement of the complaint and answer.

   Plaintiff: Plaintiff is a consumer as defined by FCRA and states that Defendant Trans Union, LLC failed on numerous instances to maintain reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union, LLC was non-compliant with the requirements of the FCRA with respect to Plaintiff. Trans Union's required reinvestigations pursuant to the FCRA were either unreasonable, inadequate, or non-existent in all cases detailed in the initial complaint. As such, Plaintiff suffered financial and emotional harm as a result of Defendant's actions.

   Defendant: Trans Union, LLC ("Trans Union") is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the

relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

2. This action should be ready for a jury trial by July 2027 and at this time is expected to take approximately two days.

3. The parties request a pretrial conference in June 2027.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan:

(a) Discovery will be needed on the following subjects:

Plaintiff: Discovery in this matter will be required on, but is not limited to, Plaintiff-specific information and Defendant Trans Union, LLC's systemic policies and practices relevant to compliance with the Fair Credit Reporting Act, including but not limited to: all information contained in Plaintiff's consumer file, disclosures, and records relating to Plaintiff's disputes and reinvestigations; Defendant's procedures for assuring maximum possible accuracy of consumer information and for conducting reinvestigations of disputes; all communications between Defendant and any furnishers of information concerning Plaintiff, including Automated Consumer Dispute Verification (ACDV) forms and responses; the use of automated systems, including but not limited to e-OSCAR, in processing disputes; training materials, guidelines, and supervisory practices for employees handling consumer disputes; all internal notes, logs, and documentation related to Plaintiff's account; prior complaints, investigations, or regulatory actions concerning Defendant's accuracy or reinvestigation practices; the factual and legal bases for Defendant's defenses; and information relating to Plaintiff's damages and any evidence Defendant relies upon to dispute those damages.

Defendant: Trans Union will seek discovery of materials related to the facts and circumstances surrounding the allegations of Plaintiff's Complaint, Plaintiff's alleged damages, whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Trans Union or any action or inaction of Trans Union, Plaintiff's financial and consumer history, any communications between Plaintiff and any other party, Plaintiff's failure to mitigate his alleged damages, any communication between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint and any discovery necessitated by the pleadings and other discovery.

(b) All discovery commenced in time to be completed by September 18, 2026.

5. Initial Disclosures. The parties will exchange by May 15, 2026 the information required by Fed.R.Civ.P. 26(a)(1).

6. The parties request until June 1, 2026 to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

   (a) from Plaintiff by December 15, 2026.

   (b) from Defendant by January 14, 2027.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by April 1, 2027.

9. Discovery Limits.

   (a) Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service unless extended by agreement of parties.

   (b) Maximum of 4 depositions by plaintiff and 4 by defendant. Each deposition limited to maximum of 6 hours unless extended by agreement of parties.

   (c) Maximum of 40 requests for admission by each party to any other party. Responses due 30 days after service unless extended by agreement of parties.

   (d) Maximum of 40 requests for production of documents by each party to any other party. Responses due 30 days after service unless extended by agreement of parties.

10. All potentially dispositive motions filed by March 10, 2027.

11. The parties are hopeful that they can reach an informal resolution, but are unable to determine the likelihood of settlement at this time.

12. The parties will produce documents in reasonably usable formats, including native format where appropriate, so as not to obscure relevant information. If issues arise concerning specific Electronically Stored Information (ESI), the parties will meet and confer.

13. Other matters that may be appropriate for inclusion in the Rule 16(b) Order.

   (a) N/A.

Respectfully submitted,

James Vincent Klueppel Jr.
3220 Clearview Drive
Theodore, AL 36582

*Pro Se Plaintiff*

Sterling Satterfield, Esq. (IN 39005-49)
(admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 616
Fax: (317) 899-9348
E-Mail: sterling.satterfield@qslwm.com

*Counsel for Trans Union LLC*

Archibald T. Reeves, IV
McDowell Knight Roedder & Sledge
11 North Water Street, 13th Floor
Battle House Tower
Mobile, Alabama 36602
Telephone: (251) 432-5300
Facsimile: (251) 432-5303
E-Mail: areeves@mcdowellknight.com

*Local Counsel for Trans Union LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 20th **day of** April, **2026**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| None. | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the 20th **day of** April, **2026**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>James Vincent Klueppel Jr.<br>3220 Clearview Drive<br>Theodore, AL 36582 | |

/s/ Sterling Satterfield

Sterling Satterfield, Esq. (IN 39005-49)
(admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 616
Fax: (317) 899-9348
E-Mail: sterling.satterfield@qslwm.com

*Counsel for Trans Union LLC*