IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

JAMES VINCENT KLUEPPEL, JR.,*
Plaintiff, * 26-cv-13
* August 5, 2026
vs. * Mobile, Alabama
* 9:37 a.m.
TRANSUNION CORP., *
Defendant. *
****************************

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

FOR THE PLAINTIFF:

MR. JAMES VINCENT KLUEPPEL, JR., ESQ.
(Pro se)
3220 Clearview Drive
Theodore, AL 36582
636-535-4088

FOR THE DEFENDANT:

MR. STERLING SATTERFIELD, ESQ.
Quilling, Selander, Lownds, Winslett & Moser Litigation
10333 N. Meridian Street
Suite 200
Indianapolis, IN 46290
317-497-5600

COURTROOM DEPUTY: MS. MELANIE PAULK

COURT REPORTER: CHERYL K. POWELL, CCR, RPR, FCRR

Proceedings recorded by OFFICIAL COURT REPORTER, Qualified pursuant to 28 U.S.C. 753(a) & Guide to Judiciary Policies and Procedures Vol. VI, Chapter III, D.2. Transcript produced by computerized stenotype.

**P R O C E E D I N G S**

(In open court.)

09:37:37 COURTROOM DEPUTY: Case set for a motion hearing in Civil Action 26-13, James Klueppel versus TransUnion Corporation.

Is the plaintiff ready to proceed?

MR. KLUEPPEL: Yes, Your Honor.

COURTROOM DEPUTY: Is the defendant ready to proceed?

MR. SATTERFIELD: Yes, Your Honor.

09:37:44 THE COURT: Good morning, Mr. Klueppel.

Am I saying that correctly?

MR. KLUEPPEL: Yes, sir.

THE COURT: So the defendant, TransUnion, has filed a motion for judgment on the pleadings, which is basically asking 09:37:56 the Court to construe the complaint and grant judgment in their favor because, based on just what you've alleged in the complaint, you can't prevail. So tell me anything you would like to tell me.

Well, actually, before I do that, is there anything 09:38:17 more particular about your motion that you would like to say? It's your motion.

MR. SATTERFIELD: I'd be happy to just do a short elevator speech, Your Honor.

Not every disagreement set forth by a consumer about a 09:38:35 debt is an actionable inaccuracy under the Fair Credit

09:38:53 09:39:13 09:39:26 09:39:40 09:39:53

Reporting Act, and this case presents those circumstances.

Mr. Klueppel asked TransUnion to do something that the FCRA does not require, which is to decide who was legally right in three underlying disputes.

The Mediacom dispute relates to whether or not the debt was calculated correctly or incorrectly by Mediacom; Liberty National, whether or not the records were, in fact, false; and Timeless Capital, whether or not -- who was the responsible party under the contract.

None of those theories identify a straightforward reporting error. Each requires allowing a dispute over payment, debt validity calculations, or contractual responsibility.

Where the alleged inaccuracy itself depends on adjudicating an underlying legal or contractual dispute, the inquiry never reaches TransUnion's procedures or reinvestigation.

The case, therefore, fails at the threshold, and discovery cannot cure that legal defect.

That is all I have, Your Honor.

THE COURT: Okay. Mr. Klueppel?

MR. KLUEPPEL: Good morning, Your Honor. My name is James Klueppel, and I am the plaintiff in this matter appearing pro se.

I'm here today in opposition to Defendant TransUnion's

motion for judgment on the pleadings. I respectfully request that the Court deny this motion because the motion depends on a mischaracterization of my claims.

TransUnion's position is that my case is merely about disputes with third-party creditors and contractual issues. That is not what my -- that is not the claim I have brought.

My claims are that TransUnion reported inaccurate and materially misleading information in my consumer report and failed to comply with its independent duties under the Fair Credit Recording Act, typically abbreviated at FCRA, after receiving notice of those inaccuracies.

And I agree with TransUnion's statement about the legal standard. The question before the Court is whether my complaint plausibly alleges an FCRA violation. I believe it does. And I will briefly explain why in further argument.

THE COURT: Sure. Tell me.

MR. KLUEPPEL: Yes, sir.

So, first off, defendant's main argument mischaracterizes the claims. Your Honor, the main issue running throughout defendant's motion is its characterization of my claims. Defendant repeatedly describes my claims as legal or contractual disputes with furnishers.

I agree that TransUnion is not required to resolve every legal dispute between a consumer and a creditor; however, that is not what my complaint alleges.

09:41:54 My complaint alleges that TransUnion reported inaccurate or materially misleading information in my consumer report and failed to comply with its obligations under the FCRA after receiving notice that the information was disputed.

The fact that the inaccurate information originated from third-party furnishers does not eliminate TransUnion's independent obligations under the FCRA.

09:42:14 The complaint alleges actionable inaccuracies. Defendant argues that I have not alleged an actionable inaccuracy. Respectfully, I disagree.

09:42:32 The first amendment -- or excuse me. The first amended complaint identifies three specific categories of disputed information, the first being the Mediacom account; the second being the Liberty National account, which was under a collection agency by the name of Diversified Adjustment Service; and the American Express account, which, of course, is sort of related to the Timeless Capital contract that the defendant's attorney mentioned moments ago.

09:42:57 For each, the complaint identifies the information being reported, why I contend it was inaccurate or misleading, and the fact that TransUnion continued reporting that information after receiving notice of the disputes and, of course, being given a reasonable period of time, as defined by the FCRA, to complete those investigations.

09:43:18 At the Rule 12(c) stage, the question is not whether

09:43:39 09:44:01 09:44:18 09:44:35 09:44:52

defendant's interpretation of those disputes is ultimately correct. The question is whether the allegations, accepted as true, plausibly state a claim.

And I understand the cases cited by defendant regarding legal disputes and the requirement that inaccuracies be objectively and readily verifiable. I agree that not every disagreement about debt creates an FCRA violation. However, defendant assumes the conclusion by labelling these disputes as purely legal disputes.

Whether the information reported by TransUnion was inaccurate or materially misleading is the issue at the center of this case. That determination should not be resolved by accepting defendant's characterization of the facts at the pleading stage.

My complaint is not that TransUnion should have decided contractual liability. My claim is TransUnion had information the reporting was disputed and failed to reasonably investigate whether the information it continued publishing was accurate.

For each specific account, I have a brief -- some brief points to make.

So regarding the Mediacom account specifically, with Mediacom, the defendant characterizes the dispute as being about whether Mediacom should have accepted my payment. The claim is not TransUnion should enforce an agreement with

Mediacom. The claim is that inaccurate information about the account was reported and remained on my consumer report after TransUnion received notice of the dispute.

For the Liberty National account -- with Liberty National, the defendant, similarly, frames the issue as dispute over issues and charge-backs. Again, the issue before the Court is not whether TransUnion should calculate commissions; the issue is whether the information being reported was accurate and whether TransUnion conducted a reasonable investigation after receiving the dispute.

For the American Express account -- okay, the American Express account presents a different issue because the dispute process itself is part of the allegation for this one.

Defendant's argument assumes that TransUnion received a completed dispute, investigated it, and reached a conclusion. My position is that I was unable to complete the dispute process and TransUnion, therefore, never reached the merits of the information I was attempting to challenge.

The service agreement that is outlined in the defendant's motion for judgment on the pleadings was not submitted to TransUnion as part of the dispute process. It was produced during discovery as evidence that -- supporting why I disputed the accuracy of the account information.

It was not offered for the purpose of asking TransUnion to adjudicate a private contractual dispute.

TransUnion's argument assumes that this documentation was considered during a completed dispute process, but the allegation is that the dispute process never reached that stage.

09:46:42 As far as Section 1681i, defendant also argues that my Section 1681i claim fails because there was no actionable inaccuracy. That, again, assumes the conclusion.

Section 1681i imposes a duty on consumer reporting agencies after a consumer disputes information in their file. 09:47:08 The question is not simply whether TransUnion agreed with the dispute; the question is whether TransUnion fulfilled its statutory obligation to reasonably investigate disputed information.

And, lastly, the defendant has argued that further 09:47:26 amendment to the first amended complaint would be futile and that discovery cannot, quote, unquote, rescue my claims.

I agree that discovery cannot create a claim where none exists. That is not what's happening here. The complaint already alleges specific FCRA violations. Discovery would 09:47:48 allow the parties to determine facts relevant to those claims, including what TransUnion reviewed; how it handled the disputes; and whether its procedures were reasonable.

Defendant's futility argument depends on accepting defendant's characterization of the disputes as purely 09:48:06 contractual. That is a disputed issue and not a basis for

09:48:20 09:48:43 09:48:56 09:49:14 09:49:32

dismissal with prejudice at this stage.

THE COURT: Okay. Mr. Satterfield, anything else you want to add?

MR. SATTERFIELD: Yes, Your Honor. There is several points. I'll try to address them in order.

Sitting is a little weird. I apologize.

THE COURT: If you want to stand, I would have you go use the podium.

MR. SATTERFIELD: We're already here. Thank you, Your Honor.

THE COURT: Okay.

MR. SATTERFIELD: First, Mr. Klueppel -- TransUnion is not -- TransUnion is relying solely on the allegations within the pleadings. The characterizations that Mr. Klueppel is alleging that TransUnion is doing is based on the substance of the pleadings.

Discovery cannot create a claim that doesn't exist, and that is the point that TransUnion agrees with.

Looking at the allegations within the complaint -- and before doing that, I just want to stress what the threshold rule is under the FCRA, which is that no actionable inaccuracy, no FCRA claim.

An actionable inaccuracy is an essential element of claims under both E,B, and I. Without an actionable inaccuracy, the Court does not reach the reasonableness of

TransUnion's procedures.

09:49:46 So I just want to make sure that is the baseline that we understand because I believe the motion to stay and the briefing on the motion to compel, although not the subject of this hearing, relate to that point directly.

09:50:13 Going to the American Express contract, we do not -- TransUnion does not rely on the contract to confirm its claim or its position. It's, rather, just to demonstrate the fact that this is not a straightforward -- this is not a dispute with a straightforward answer.

09:50:31 The fact that the American Express contract wasn't even submitted in the dispute means that, you know, TransUnion was not able to interpret the contract that was supposedly -- or at least allegedly -- at issue and that placed responsibility of the account with Timeless Capital.

09:50:53 Going towards the Mediacom and the Liberty National accounts, those both require interpreting. You know, right now TransUnion only has plaintiff's claims that the accounts or the tradelines at issue were inaccurate and the reporting provided by the furnisher.

09:51:11 Without having an understanding of what exactly was at issue in terms of the balance, et cetera, which is not contained within the complaint -- it just has conclusory allegations that the balance was wrong and et cetera, it is -- there's -- there's simply no way to interpret that dispute in a

09:51:36 way that would meet Mr. Klueppel's position regarding the tradelines at issue.

Going into that, it does not really identify with particularity what is essentially at issue. He says the balance was wrong, but he does not identify the amount that was wrong. That is for both accounts within the complaint.

And I will not discuss the disputes because those are not at issue in the pleadings, and I cannot bring them up at this stage.

09:51:50 And labels are not really the point of this. Although we label it a legal dispute -- and that is our belief -- it turns on the substance of the disputes at issue. All of the disputes require an interpretation of documents that were not even presented within the dispute.

09:52:11 So with that being said, it's understandable that a plaintiff or a consumer would want to dispute an account, but without any sort of documentary support or anything of those lines, it's -- there's no way -- a disagreement with a tradeline does not require correction. If that were the case,

09:52:31 any consumer could say an account was wrong and then we would be liable, at least in the circumstances that Mr. Klueppel is presenting -- TransUnion or any consumer reporting agency would be liable for not taking the plaintiff's word and relying on nothing else.

09:52:48 And so with all that said, going to why this is

futile, there is just no way that plaintiff could -- well, first, plaintiff has not established good cause. He has not presented an amended complaint.

There is no substance within the voluminous briefing that has occurred in this case up to this point that points to any sort of additional allegations that will change the substance of what this complaint is.

And in that, the substance of his complaint relates to interpreting -- again, interpretation of documents that TransUnion did not possess and relying -- if we were to take plaintiff's position, relying solely on his word that the accounts were inaccurate and us needing to change them as a result.

THE COURT: All right. Mr. Klueppel, anything else you want to add?

MR. KLUEPPEL: Yes, Your Honor.

I would like to address some of the defendant's points that he made.

Regarding the American Express account, the defendant mentioned that the -- that items such as the contract and other supporting documentation were not submitted to TransUnion during the dispute stage of things before, obviously, this went to, you know, become a legal matter with the court, was escalated to this point.

I believe this is, respectfully, somewhat of a moot

09:54:38 point simply because I did not actually have the ability to submit that documentation to TransUnion because they outright refused to even process the dispute in the first place, which is a direct violation of the FCRA. They outright refused over the phone. They even blocked my online access to the portal to actually go in and upload such documentation.

Regarding the Mediacom and the Liberty National accounts, the main claim that the defendant seems to have made there is that that should have included more details in my first amended complaint regarding, you know, specific amounts and things of that nature. 09:55:06

You know, and, simply put, those are things that, you know, if the Court decided that that is the case, well, those are things that could simply be added with leave to amend.

09:55:31 The amendment doesn't become suddenly futile just because, you know, a few details are missing. You know, those could be added to the complaint, if necessary.

And lastly, I just want to mention, too, that, you know, as of right now, the Court is not expected to -- you know, as part of a Rule 12 motion, the Court is not expected to evaluate, you know, whether my claims are accurate or whether I've ultimately produced evidence to resolve those claims. That's explicitly, you know, reserved for the trial. You know, and up until that point, the Court is -- the Court is expected to hold those claims as true. 09:55:59 09:56:25

THE COURT: Okay. Well, what I'm doing at this point is looking at your complaint and determining whether or not the defendant is entitled to judgment just based on what's in the complaint.

09:56:49 I find that they are. You had requested, alternatively, the opportunity to amend your complaint. You've already amended it once.

It's my practice to allow pro se litigants to have an opportunity to amend the complaint. I recognize that 09:57:11 TransUnion has the position that amendment is futile. But there's going to be no great damage done if I afford you the opportunity to do it and if it results in us being at the same place.

I heard some things about your claims that I think 09:57:36 would be importantly included in the pleading. But you have to plead yourself into court sufficiently. And I don't find that the current operative pleading does that.

So I'm going to grant TransUnion's motion for judgment on the pleadings, but I'm going to give you the opportunity to 09:57:59 file an amended complaint if you wish to do so. And how much time do you need to do that?

MR. KLUEPPEL: Your Honor, I would say probably 30 days would be sufficient.

THE COURT: Okay. Well, we'll do that. So I'm going 09:58:17 to grant the motion, but I will give you leave to file an

09:58:34
09:58:53
09:59:10
09:59:36
10:00:05

amended complaint within 30 days. If you do not file an amended complaint within 30 days, the case will remain dismissed. Okay?

MR. KLUEPPEL: Thank you, Your Honor.

THE COURT: All right. Any questions?

MR. SATTERFIELD: Your Honor, I just -- a lot of the discussion today involved 1681i, the dispute process, et cetera. That is not at issue unless there's an actionable inaccuracy. And the substance of this amended complaint -- there's no additional allegation that Mr. Klueppel could provide that would change what the underlying disputes are about.

And so I would just really plead with Your Honor to -- if you -- as you already said, you are going to allow Mr. Klueppel to amend. If there would be some sort of requirement that -- just to provide the substance that would allow him --

THE COURT: Well, you know, essentially that he needs in his amendment to explain how these disputes are objectively verifiable. There's the place to start.

But you need to read the cases that the defendant has cited. And I know you have suggested that the defendant is conflating the law. I would recommend to you that you reevaluate it yourself. But you're going to need to plead in a way that satisfies the statutes. And, again, I find that you

10:00:35
10:00:46
10:01:01
10:01:18
10:01:35

have not. So you're going to need to do that.

I understand TransUnion's concern, and it's well taken. But at, the same time, when a plaintiff represents himself, I'm -- I feel I have an obligation to allow him an additional opportunity to plead.

So I understand, and you'll have 30 days to do that.

MR. SATTERFIELD: If I could ask one more question, Your Honor.

THE COURT: Sure.

MR. SATTERFIELD: So with the pending motion to stay, it was based on resolution of the motion for judgment on the pleadings. And so with this case technically being dismissed until the filing of another amended complaint, how is the motion to stay going to be addressed --

THE COURT: I think it's all -- I would say that's all moot. And so I'm going to -- there are two pending motions besides this current motion that we've been discussing. I'm going to hold both of those to be moot.

If Mr. Klueppel files an amended complaint within 30 days, we'll address it and then we will move to discovery. But there's no discovery that's going to be pending at this point.

MR. SATTERFIELD: Understand.

THE COURT: So we can have clarity about that.

MR. KLUEPPEL: Yes, Your Honor.

THE COURT: Very good. Thank you very much for coming down.

MR. SATTERFIELD: Thank you, Your Honor.

MR. KLUEPPEL: Thank you, Your Honor.

10:01:42 (The Proceedings were concluded at approximately 10:01 a.m. on August 5, 2026.)

C E R T I F I C A T E

I, the undersigned, hereby certify that the foregoing pages contain a true and correct transcript of the aforementioned proceedings as is hereinabove set out, as the same was taken down by me in stenotype and later transcribed utilizing computer-aided transcription.

This is the 14th day of August of 2026.

Cheryl K Powell

Cheryl K. Powell, CCR, RPR, FCRR
Federal Certified Realtime Reporter